**RECEIVED**
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3 / 28 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CURTIS L. SMITH (D.O.C. #307909) | DOCKET NO. 11-CV-78; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN LYNN COOOPER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### MEMORANDUM ORDER

*Pro se* plaintiff Curtis L. Smith filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC) and is currently incarcerated at the Avoyelles Correctional Center (AVC) in Cottonport, Louisiana. He complains that he was denied adequate medical care, and he seeks compensatory and punitive damages. Plaintiff names as defendants former DOC Secretary Richard Stalder, present DOC Secretary James LeBlanc, Warden Lynn Cooper, Asst. Warden Myrna Cooper, Deputy Warden Gary Gremillion, Terry Woods, Peggy Taylor, Tammy LaCombe, Dr. Pacheco, Dr. Crawford, Dr. Hines, Dr. Vagnar, Linda Ramsey, and Louisiana State University Medical Center in Shreveport, Louisiana.

### *Factual Allegations*

Plaintiff alleges that on July 14, 2005, he was involved in a slip & fall accident in the dining area at AVC. Plaintiff was wheeled to the infirmary and provided an ice pack before being sent back to his dorm. Plaintiff made several attempts to get medical attention, but "the defendants used the disciplinary process to detour the Plaintiff away from medical attention for his serious

injury...." [Doc. #1, p.10]

On March 21, 2006, Plaintiff was provided with a "medical seat" because of pain in the area of his tailbone. However, on March 22, 2006, the cushion was taken from Plaintiff. [Doc. #1,p.10]

On May 2, 2006, Plaintiff finally received an x-ray.

On May 26, 2006, Plaintiff made a sick call notifying the medical staff that he lost hearing in his right ear as a result of the slip and fall "because of blood flow restriction from what is now determined to be the result of two Bulging Discs." [Doc. #1, p.10]

On June 3, 2006, Plaintiff was taken to the emergency room after being administered a "double dose of blood pressure medicine." [Doc. #1, p.11] Plaintiff stated that he had been suffering from a headache since April 14, 2006. He was supposed to be referred to a neurologist "in the future," but the appointment was cancelled. [Doc. #1, p.11]

Plaintiff filed an Administrative Remedy Procedures (ARPs) or informal letters on July 30, 2007, December 22, 2008, December 13, 2009, September 14, 2010, November 28, 2010, and December 16, 2010.

Plaintiff was written up on January 4, 2006 for a violation of Rule #30C - general prohibited behavior. [Doc. #1, p.45] Plaintiff states that the violation was for seeking medical attention for six months. [Doc. #1, p.12] He states that he made 140 sick calls over

2

the past five years.

Plaintiff underwent an EMG on November 3, 2006, at an LSU medical facility in Alexandria, Louisiana.

Plaintiff's alleges that Defendants blamed his chronic sinus condition for his pain, but the pain was actually due to bulging and herniated discs. Plaintiff states that he never complained of his sinuses, and every time he went to the hospital, the defendants were actually directing the hospital regarding Plaintiff's care. [Doc. #1, p.14]

In an attached exhibit, Plaintiff states that he had surgery on August 3, 2010 to remove a bulging disc behind his neck. Plaintiff filed the ARP complaining about the delay in receiving his medical care and that his complaints had been ignored for five years. Plaintiff complains that "if all of these ex-rays [sic] cat scans, M.R.I.'s and E.M.G.'s" were properly administered, then the bulging discs would have been detected prior to June 25, 2010.

### Law and Instructions to Amend

**1. Rule 8**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009)(citations

3

omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff names as defendants: Secretary Richard Stalder, present DOC Secretary James LeBlanc, Warden Lynn Cooper, Asst. Warden Myrna Cooper, Deputy Warden Gary Gremillion, Terry Woods, Peggy Taylor, Tammy LaCombe, Dr. Pacheco, Dr. Crawford, Dr. Hines, Dr. Vagnar, Linda Ramsey, and Louisiana State University Medical Center in Shreveport, Louisiana. He does not provide facts as to how each named defendant violated his constitutional rights. Plaintiff should amend his complaint and:

(1) list the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) next to the name, provide a description of what each defendant did to violate plaintiff's rights;

(3) state the place and date(s) that each violation occurred; and

(4) give a description of the alleged injury sustained as a result of each alleged violation.

**Plaintiff has named fourteen defendants, but has not stated how each individual defendant violated his constitutional rights. Plaintiff should amend his complaint accordingly.**

2. **Deliberate Indifference**

Plaintiff should also state how **each defendant** acted with deliberate indifference to his serious medical needs. To find that an official is deliberately indifferent, it must be proven that the

4

official knows of and disregards an excessive risk to inmate health or safety. See Cantu v. Jones, 293 F.3d 839, 844 (5th Cir.2002), citing Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff should amend his complaint to state how each named defendant acted with deliberate indifference.

### 3. Supervisory Officials

Plaintiff named several defendants due to their supervisory and administrative capacities. It is well-settled that, "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in Plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to §1983 claims." Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994), *cert. denied*, 514 U.S. 1107 (1995). That is, a supervisor is not automatically liable for the acts others simply because he is their supervisor. "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983), *cert. denied*, 464 U.S. 897 (1983). Plaintiff has failed to allege personal involvement or the implementation of unconstitutional policies the supervisory defendants. He should amend his complaint accordingly.

5

## *Conclusion*

Before this court determines the proper disposition of the claims, Plaintiff should be given the opportunity to remedy the deficiencies of his complaint, as specified herein. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

**Accordingly, IT IS ORDERED that Plaintiff amend his complaint within thirty (30) days of the filing of this order to provide the specific information outlined above, and alternatively, dismiss those claims Plaintiff is unable to cure through amendment.**

**Failure to comply with this order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.**

THUS DONE AND SIGNED at Alexandria, Louisiana, this ___ day of March, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE